IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TOMMY MOLINA, | |
| Petitioner, | 4:23-CV-3167 |
| vs. | MEMORANDUM AND ORDER |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

The petitioner, Tommy Molina, petitions (filing 1) for a writ of habeas corpus seeking collateral review of the Magistrate Judge's findings of fact and conclusions of law (filing 3-1) and order of certification and committal for extradition (filing 3-2) in case no. 4:23-MJ-3071, certifying Mr. Molina's extradition to Germany on a charge of murder and committing him to custody pending further action by the Secretary of State. *See Fernandez v. Phillips*, 268 U.S. 311, 312 (1925); *United States v. Wiebe*, 733 F.2d 549, 552-53 (8th Cir. 1984). Mr. Molina also moves for release from custody pending these proceedings. Filing 17. Having thoroughly examined the record, the Court agrees with the Magistrate Judge and will deny both Mr. Molina's petition and his motion for release.

### HABEAS CORPUS

The scope of the Court's collateral review of the Magistrate Judge's extradition order is narrow:

> The petition for writ of habeas corpus is not a means for rehearing what the magistrate already has decided. The alleged fugitive from justice has had his hearing and habeas corpus is available only to

inquire whether the magistrate has jurisdiction, whether the offense charged is within the treaty and, by a somewhat liberal extension, whether there was any evidence warranting the finding that there was reasonable ground to believe the accused guilty.

*Wiebe*, 733 F.2d at 552 (citing *Fernandez*, 268 U.S. at 312) (cleaned up); *Matter of Assarsson*, 687 F.2d 1157, 1159 n.5 (8th Cir. 1982). Mr. Molina doesn't contest the Court's jurisdiction or that the charge of murder is within the relevant treaty. Filing 3 at 4. Instead, he argues that there is insufficient evidence to establish probable cause. Filing 3 at 4.

The probable cause standard applicable in extradition proceedings is "evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt." *Wiebe*, 733 F.2d at 553. The extradition hearing is not a trial on the merits to determine guilt or innocence, but serves as a means of ensuring that probable cause exists to believe the person whose surrender is sought has committed the crime for which his extradition is requested. *Id*. Alibi evidence, facts contradicting the requesting country's proof, and defenses such as insanity, may properly be excluded at the extradition hearing. *Id*. at 533 n.4. And a writ of habeas corpus is not a writ of error: Questions regarding the weight and sufficiency of the evidence presented at the extradition hearing are not reviewable in this habeas corpus proceeding. *Id*. at 533.

The Magistrate Judge's summary of the evidence, and factual findings, are set forth in her memorandum and order, and will not be restated here. *See* filing 3-1. Mr. Molina takes issue with the probable cause finding on three fronts: The DNA evidence, the witness statement of Mr. Molina's ex-wife, and "other information" that "undermines the competence of that evidence." Filing 3 at 5-10. The Court is not persuaded.

Mr. Molina's efforts to poke holes in the evidence supporting the charge miss the big picture: It's *possible* that Mr. Molina is innocent of this crime, but if so he's extremely unlucky. The circumstantial evidence summarized in the Magistrate Judge's memorandum and order, filing 3-1 at 3-5, would be a series of remarkable coincidences were they unrelated to Mr. Molina's involvement in the killing. The arguments Mr. Molina makes certainly might persuade the German court that the prosecution hasn't met its burden to prove his guilt, but *probable cause* is the standard here, and that standard is met.[1]

## MOTION FOR RELEASE

Bail should be denied in extradition proceedings absent "special circumstances." *Wright v. Henkel,* 190 U.S. 40, 63 (1903); *Salerno v. United States*, 878 F.2d 317, 317 (9th Cir. 1989); *Matter of Extradition of Russell*, 805 F.2d 1215, 1216 (5th Cir. 1986); *United States v. Williams*, 611 F.2d 914, 914 (1st Cir. 1979). "Unlike the situation for domestic crimes, there is no presumption favoring bail. The reverse is rather the case." *Russell*, 805 F.2d at 1216; *see Salerno*, 878 F.2d at 317; *Beaulieu v. Hartigan,* 554 F.2d 1, 1-2 (1st Cir. 1977). "Special circumstances" have never been precisely defined and courts have addressed on a case-by-case basis whether there were particularly sufficient circumstances that would reverse the strong presumption against bail. *In re Extradition of Santos*, 473 F. Supp. 2d 1030, 1036 (C.D. Cal. 2006). Examples of such circumstances include the raising of substantial claims upon

---

[1] Mr. Molina offers no authority supporting his suggestion that the exclusionary rule applies in this context, filing 3 at 7, and the weight of authority is to the contrary, *see Hills v. United States,* 979 F.2d 850 (6th Cir. 1992); *Romeo v. Roache,* 820 F.2d 540, 545 (1st Cir. 1987); *David v. Att'y Gen. of U.S.*, 699 F.2d 411, 414 (7th Cir. 1983); *Simmons v. Braun,* 627 F.2d 635, 636-37 (2d Cir. 1980); *see also McDonald v. Burrows,* 731 F.2d 294, 297 (5th Cir. 1984).

which the appellant has a high probability of success, a serious deterioration of health while incarcerated, and unusual delay in the appeal process. *See Salerno*, 878 F.2d at 317; *see also Williams*, 611 F.2d at 915.

Mr. Molina lists five alleged "special circumstances": Medical conditions, financial support for his family, the bailability of the offense in Germany, his lack of a criminal record, and the anticipated length of the proceedings. But only two are really in play: Medical conditions and the length of the proceedings. Familial caretaking responsibilities are generally not regarded as a "special circumstance," being present in most cases. *See Matter of Extradition of Taylor*, 471 F. Supp. 3d 389, 396-97 (D. Mass. 2020) (collecting cases). And while the bailability of the offense and the lack of a criminal record at least don't cut *against* release, the fact that an extraditee is a tolerable bail risk isn't a special circumstance either. *See Russell*, 805 F.2d at 1217; *Williams*, 611 F.2d at 915.[2]

Mr. Molina does seem to have a number of health issues, *see* filing 17 at 3-4, and the Court does not mean to minimize them. But they do not meet the standard that's generally been set for "special circumstances" warranting bail: They do not appear to be life-threatening or beyond the capacity of federal authorities to manage while Mr. Molina is in custody. *See In re Extradition of Lagadec*, 386 F. Supp. 3d 629, 630 (E.D.N.C. 2019); *Nezirovic v. Holt*, 990 F. Supp. 2d 594, 601-02 (W.D. Va. 2013); *In re Extradition of Garcia*, 761 F. Supp. 2d 468, 481-82 (S.D. Tex. 2010); *Matter of Extradition of Hamilton-Byrne*, 831 F. Supp. 287, 290-91 (S.D.N.Y. 1993).

And while an "unusual delay" in the process can be a special circumstance, *see Salerno*, 878 F.2d at 317, there's nothing to indicate *unusual*

---

[2] The Court is not persuaded the availability of bail in the receiving country is a "special circumstance." *But see Extradition of Nacif-Borge*, 829 F. Supp. 1210, 1221 (D. Nev. 1993).

delay here. The cases relied on by Mr. Molina which found unusual delay, filing 17 at 5, all involved extradition proceedings complicated by complex underlying charges or other unusual circumstances, *see Matter of Requested Extradition of Kirby*, 106 F.3d 855 (9th Cir. 1996) (politically sensitive case involving multiple escapees from a British prison in Northern Ireland); *In re Extradition of Kapoor*, No. 1:11-MJ-456, 2011 WL 2296535, at *2 (E.D.N.Y. June 7, 2011) (Indian national claiming persecution and asylum); *United States v. Castaneda-Castillo*, 739 F. Supp. 2d 49, 58 (D. Mass. 2010) (former Peruvian military officer, charged with crimes arising out of conflict with Shining Path revolutionary group, who had claimed asylum and already been imprisoned for years in immigration proceedings). This case, on the other hand, strikes the Court as no more complex than any other extradition case, meaning it is not "unusual" or "special" for purposes of release on bond. Accordingly,

IT IS ORDERED:

1. The petitioner's petition for writ of habeas corpus (filing 1) is denied.

2. The petitioner's motion for release (filing 17) is denied.

3. A separate judgment will be entered.

Dated this 11th day of April, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge